## Edward Middleton and others v. The Flat River Booming Company and others.

*Injunction bill: Mill-owners: Water-power: Demurrer: Parties.* An injunction bill, brought by a number of owners of mills and factories along a stream, to enjoin various acts which are alleged to have rendered the water-power by which their machinery is operated, of little value to them, and which does not ask for an accounting, is not demurrable on the ground that the complainants have no common interest; nor on the ground that other parties are interested who should be joined.

MIDDLETON *v.* FLAT RIVER BOOMING COMPANY.

*Injunction bill: Demurrer: Remedy at law.* A demurrer to such a bill because it does not show that complainants have no adequate remedy at law cannot be sustained, as it is apparent that only an injunction can be an adequate remedy.

*Demurrer: Corporation: Authorized acts: Vested rights.* Where the bill sets forth facts showing a direct and unquestionable injury, a demurrer to it cannot be sustained on the ground that the acts complained of were authorized by the act under which the defendant corporation was organized, since the incorporation act cannot be understood as intending to authorize the destruction of vested rights of property.

*Mill-owners: Floatage: Navigation: Paramount rights.* On a stream which is valuable for floatage, but not for navigation in the more enlarged sense, it cannot be said that the right of floatage is so far paramount to the use of the water for machinery as to authorize the sacrifice of the latter to the former interest.

*Injunction bill: Allegation of damage: Detention of water.* Such a bill which avers that the water is detained by dams above complainants' mills, so as virtually to amount to a drying up of the stream, and to destroy its value as a means of furnishing water-power while the water is thus detained, and that very much is thereby lost by percolation and evaporation, is not demurrable for want of sufficient allegation of damage.

The objection that the location and description of the dams complained of are not given in such a bill, is not well taken.

*Heard July 22.     Decided July 25:.*

Appeal in Chancery from Montcalm Circuit.

*J. H. Tatem* and *Lemuel Clute,* for complainants.

*Ellsworth & Lewis,* for defendants.

COOLEY, J.

This was a bill in equity by a number of owners of mills and factories on Flat river, to enjoin the defendants from various acts which it is alleged tend to render the water-power by which their machinery is operated of little value to them. The bill was demurred to on various. grounds, and was dismissed in the court below.

One objection is that the parties complainant have no common interest. They are owners of several mills, and only have a common interest in the question involved. The case is within the decision in *Scofield v. Lansing, 17 Mich., 437.* No accounting is asked for by complainants, and so far as the bill discloses the facts, the question is single, and no embarrassment can be occasioned by this. joinder of complainants.

It is said, however, that it appears from the bill that other parties are interested in the question, who should be joined if it is proper for more than one to file it. But this does not follow. The bill may be filed either by one alone, or by any number who feel the grievance.

It is also urged that the bill does not show but that the complainants have an adequate remedy at law. The obvious answer is, that if the allegations of the bill are sustained, only an injunction can be an adequate remedy. The complainants cannot be required to lie by and see their mills rendered useless and wait the slow and uncertain process of a suit for damages for their redress.

Another position of defendants is, that being an incorporated company, and authorized by the act under which they were organized to do the act complained of, they are not liable to such suits by private parties. The case of *Sheboygan v. The S. & F. R. R. Co., 21 Wis., 675,* is referred to, but it is not in point. There the act sought to be enjoined might or might not prove injurious, and it was very properly held that the question of nuisance ought to be tried at law. Here, if the facts are as alleged, the injury is direct and unquestionable. The incorporation act cannot be understood as intending to authorize the companies formed, to destroy vested rights of property; it supposes on the other hand, that they will use their corporate powers with the same regard to the rights of others which is required of natural persons.

Defendants further urge that they are organized for the enjoyment and improvement of the right of navigation, and that this is the paramount right on a navigable river, to which the rights of mill-owners must be subordinate. Flat river is a stream valuable for floatage, but not for navigation in the more enlarged meaning of the term. On such a stream it cannot be said that the right of floatage is paramount to the use of the water for machinery. Each right should be enjoyed with due regard to the existence and protection of the other. Complainants aver that in the erection of dams

they have made proper provision, by constructing shutes, for the passage of logs, and they have a right to demand a like consideration for their interests on the part of those who use the stream for rafting.

It is objected that the bill does not sufficiently allege damage. It avers that the water is detained by dams above their mills, which virtually amount to a drying up of the stream, and destroying its value as a means of furnishing water-power, while the water is thus detained, and that very much is lost by percolation and evaporation, while thus detained. The allegation of injury is sufficient.

The object of this detention of the water we suppose to be, that it may be let down occasionally in larger quantities, and thus afford better floatage than can be had in the natural condition of the stream. How far this may be done with due regard to the rights of persons on the stream below cannot be determined on demurrer, but must be the subject of evidence. Complainants make out a *prima facie* case, which calls for answer, and it is to be presumed the court will be able to make the proper decree, when all the facts are before it.

The objection that the location and description of the dams complained of are not given, has no force. It is a general injunction the complainants seek against any such obstructions, wherever situated. The bill alleges that the defendants are threatening other obstructions than those already erected, and the injunction asked for reaches those as well as such as the existing structures.

The decree should be reversed, with costs, and the cause remanded with directions to overrule the demurrer, with leave to defendants to plead.

The other Justices concurred.