Filed April 8, 1887.

---

No. 12,506.

THE TOWN OF SULLIVAN *v.* PHILLIPS ET AL.

INJUNCTION.—*Town.*—*Drain.*—*Wrongful Construction.*—*Joint Suit by Property-Owners.*—The several owners of lots abutting on a street, along which the town is threatening to wrongfully construct a drain, may sue jointly for an injunction. *Heagy* v. *Black*, 90 Ind. 534, limited.

SAME.—*Consequential Damages.*—*Negligence.*—A town may be enjoined from attempting to collect water in one channel and cast it upon the property of a citizen, but the fact that a lot-owner will suffer mere consequential damages, or that the work will be negligently done, is not sufficient to authorize an injunction against the construction of a drain.

From the Sullivan Circuit Court.

*J. T. Beasley* and *A. B. Williams*, for appellant.

*J. C. Briggs*, *W. C. Hultz* and *W. S. Maple*, for appellees.

ELLIOTT, C. J.—Several owners of lots abutting on one of the streets of the town of Sullivan joined in the complaint in this suit, and asked a decree enjoining the town

from constructing a drain along the street on which their lots abut.

It is contended by the appellant that the appellees can not maintain a joint suit. We think otherwise. They are all jointly interested in preventing the wrong sought to be enjoined, and will all suffer injury from it, so that they are jointly interested, although the degree of injury that may be suffered may not be the same to each individual. The complaint makes a case within the rule laid down in *Tate* v. *Ohio, etc., R. R. Co.*, 10 Ind. 174. The principle there declared applies here, for here the wrongful act sought to be enjoined is a continuous act affecting all of the plaintiffs, and is not a series of independent acts affecting each individual plaintiff alone. The decision in *Heagy* v. *Black*, 90 Ind. 534, must be limited to a case where the wrong is a distinct and independent trespass to each property-owner, and that decision is not to be extended to such a case as the present. It is better for the public, better for the municipal corporation, and better for the property-owners, that there should be a joint action rather than many independent ones.

It is undoubtedly true that, as a general rule, courts can not interfere with the power of a municipal corporation to determine for itself the best method of constructing drains and sewers, for this is a discretionary power committed to the municipal authorities; but they can prevent the corporation from collecting water in one body or channel and pouring it upon the property of a citizen. As long as the corporate authorities keep within the discretion conferred upon them, they are the exclusive judges of the plan and method of constructing drains and sewers. *Leeds* v. *City of Richmond*, 102 Ind. 372; *City of Kokomo* v. *Mahan*, 100 Ind. 242; *Macy* v. *City of Indianapolis*, 17 Ind. 267.

In this case the complaint is good, because it avers that the town is attempting to collect water in one channel and cast it upon the lots of the plaintiffs. *Weis* v. *City of Madi-*

son, 75 Ind. 241 (39 Am. R. 135); *Cummins* v. *City of Sey-mour*, 79 Ind. 491 (41 Am. R. 618), and cases cited; *City of Evansville* v. *Decker*, 84 Ind. 325 (43 Am. R. 86); *Hebron G. R. Co.* v. *Harvey*, 90 Ind. 192 (46 Am. R. 199); *Lipes* v. *Hand*, 104 Ind. 503, 508; *Pettigrew* v. *Village of Evansville*, 25 Wis. 223; *Gregory* v. *Burk*, 35 Alb. L. J. 278.

The evidence does not support the complaint, for it does not prove that the town is attempting to collect water in one channel and cast it upon the lots of the plaintiffs. The utmost that can be said is that it tends to prove that the plaintiffs may suffer some consequential damages, but it is settled that for consequential damages a municipal corporation is not liable. *Macy* v. *City of Indianapolis, supra ; Weis* v. *City of Madison, supra; City of Lafayette* v. *Wortman,* 107 Ind. 404, 407.

There is certainly no evidence that the town is threatening to construct a drain that will throw the water on the lots of these appellees, and without such evidence this suit can not be maintained.

It is not possible for the appellees to maintain this suit upon the theory that the work will be negligently done, for there are no facts justifying the assumption that the town authorities will be guilty of negligence in the future. If they should be and loss results to the appellees, their remedy is by separate actions for damages, and not by a joint suit for an injunction.

Judgment reversed, with instructions to grant the appellant a new trial.

Filed April 7, 1887.