WILLIAM L. WHIPPLE *et al. vs.* WALTER A. GUILE *et al.*

PROVIDENCE—APRIL 10, 1901.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Equity Pleading. Misjoinder of Parties.*

A motion to dismiss a bill for misjoinder of parties can be made after answer filed.

(2) *Equity Pleading. Nuisance. Joinder of Parties Complainant.*

Owners and tenants of separate estates may join in a suit to restrain a nuisance which is common to all of them and affects them in a similar way.

BILL IN EQUITY seeking a mandatory injunction to restrain a nuisance. Heard on motion to dismiss, and motion denied.

STINESS, C. J. The complainants, who are owners and tenants of separate estates in the vicinity of the respondents' mill, filed this bill to restrain the respondents from running their mill during the night-time, upon the ground that, so run, it is a nuisance. An answer was filed, and both parties have submitted for allowance issues of fact to be tried by a jury.

The respondents now move to dismiss the bill for misjoinder of parties.

The questions raised are whether there is a misjoinder of parties, and, if so, whether the motion to dismiss can be made after answer filed. They can be considered together.

(1) The respondents, in support of their motion, claim that there is a misjoinder because each owner and his tenants in a

single house could have filed a bill and made as complete a case as in a bill by all the owners together; that the question of nuisance as to one house is independent of the issue of a nuisance as to another house, and, hence, that the present bill is a consolidation of a number of distinct cases.

If this were so, there could be no doubt that the bill should be dismissed, whether the motion came after answer or not; because a court cannot try several cases in one, nor give separate and unrelated judgments to different parties in a single suit. If interests are such as to present diverse issues or to hinder the court in entering an adequate decree, of course the suit should be dismissed at any stage; for it would be idle to compel parties to go on to an end which the court could not embody in a judgment. But we do not think that the complainants in this case are in such a plight. They allege a common injury and seek a common remedy which is not divisible, and which, if obtained by one, enures equally to the benefit of all. The cases relied on by the respondents hold that even in a case like this there cannot be a joinder of parties; but an examination of those cases shows how a rule of law may grow from a precedent which does not warrant the subsequent evolution.

In *Jones* v. *Del Rio*, 1 Turn. & Rus. 297 (1823), a bill was filed, by three persons who were subscribers to a loan to the Peruvian government, against the envoy of the government, for a return of the amounts paid by them, alleging fraud. The court held that each party had a several and distinct demand, and hence they could not file one bill. The parties had not a common cause and, as to amounts at least, could not have a common decree. There might have been fraud with respect to one subscriber and not to the others, which would have involved separate defences.

In *Hudson* v. *Maddison*, 12 Sim. 416 (1841), the court held, upon the authority of *Jones* v. *Del Rio*, that five owners of separate tenements could not unite in a bill to restrain the erection of a steam-engine and chimney as a nuisance, because the decree would have to provide for five different cases. But, obviously, this was not so. They sustained a common

37

injury and sought a common remedy.  One injunction would answer all their purposes as well as five.  There was no occasion for five decrees, since nothing was asked for by them but an injunction.  They did not seek to enforce separate demands, as in *Jones* v. *Del Rio*, to which an injunction was simply incidental.  There was no similarity in the two cases.

The defendants cite some cases in this country which have followed *Hudson* v. *Maddison*, viz., *Mason* v. *Presbyterian Hospital*, 30 Pittsburgh Leg. Jour. (U. S.) 359 ; *Hinchman* v. *Paterson*, 17 N. J. Eq. 75; *Fogg* v. *Nevada Railway*, 20 Nev. 429.  These rest upon *Hinchman* v. *Paterson*, which cites *Jones* v. *Del Rio* as deciding the same point as *Hudson* v. *Maddison*.  We think they are clearly wrong.

The defendants call our attention to a question put by Jessel, M. R., in *Appleton* v. *Chapel Co.*, 45 L. J. Ch. Rep. (N. S.) 276, in illustration of " the real essence of the difficulty with a bill like that in the case at bar."  The question was : "If twenty people were hurt in a railway collision would that be a common injury ? and could they all join as plaintiffs in one action for compensation ? "  Of course they could not, because the extent of injury would be different in each case and require a separate assessment and judgment.  But if they were creditors of the railroad company they could join in a bill for a receiver.  The controlling question is not that of diversity in interest but of unity in remedy.

It is one of the offices of equity to prevent a multiplicity of suits.  Why, then, should it compel several suitors, seeking the same and a single remedy, to file separate bills ?  It is familiar and unquestioned practice for creditors and stockholders to unite in bills for a common remedy, although their debts and stock may vary in amount.  This practice has been recognized in this State.  See *Hazard* v. *Durant*, 9 R. I. 602; *Vernon* v. *Reynolds*, 20 R. I. 552 ; *Ball* v. *Ball*, 20 R. I. 520.

It is also sustained by numerous cases in other States. Among them is *Rowbotham* v. *Jones*, 47 N. J. Eq. 337.  That case holds that several owners of distinct tenements may join in a suit to restrain a nuisance which is common to all of them and affects them in a similar way.  It makes no refer-

ence to the previous case of *Hinchman* v. *Paterson,* but, in view of the decision, we assume that the last-named case is no longer regarded as law in New Jersey. See also, to the same effect, *Ballou* v. *Hopkinton,* 4 Gray, 324; *Sullivan* v. *Phillips,* 110 Ind. 320; *Pettibone* v. *Hamilton,* 40 Wis. 402; *Snyder* v. *Cabell,* 29 W. Va. 48; *Gillespie* v. *Forrest,* 25 N. Y. (18 Hun.) 110; *Peck* v. *Elder,* 3 Sandf. (N. Y.) 126; *Foot* v. *Bronson,* 4 Lans. (N. Y.) 47; *Watertown* v. *Cowen,* 4 Paige Ch. (N. Y.) 510; *Robinson* v. *Baugh,* 31 Mich. 290; *Hendrickson* v. *Wallace,* 31 N. J. Eq. 604.

The motion to dismiss the bill is overruled.