CITY OF SIOUX FALLS, Appellant, v. HOSSACK, et al, Respondents

(5 N. W.2d 880.)

(File No. 8514. Opinion filed October 20, 1942.)

**Roy D. Burns, Claude A. Hamilton,** and **John S. Murphy,** all of Sioux Falls, for Appellants.

**Louis H. Smith** and **Blaine Simons,** both of Sioux Falls, for Respondents.

ROBERTS, J. The City of Sioux Falls commenced this action in the circuit court of Minnehaha County asking that the several defendants be restrained from subjecting the city to a multiplicity of suits and to vexatious litigation. The complaint alleges that defendants owned or occupied land along the Big Sioux River and below the city of Sioux Falls; that in the month of August, 1940, defendants severally instituted actions against the city seeking to restrain the city from causing an alleged pollution of the Big Sioux River by the operation of its sewage disposal plant and to recover damages; that these defendants in the actions brought by them among other things allege that the maintenance and operation of the sewage disposal plant by the city constitutes a nuisance; and that they do not have an adequate remedy at law and pray that the city be enjoined from continuing to operate such plant.

It is further alleged that two riparian owners who are not parties to the present action instituted actions against the city seeking to recover damages alleged to have been sustained as the result of the operation by the city of its sewage disposal plant; that the issues therein were identical with those in the actions instituted by defendants in the present action; that the trial on the merits in one of these actions resulted in findings, conclusions, and judgment in favor of the city; that in the other action the trial court

has indicated that judgment will be rendered in favor of the city; that in the trial in one of these actions witnesses testified fully as to the condition of the Big Sioux River as it existed at the time of the trial and as it had existed for the past several years and also as to the condition during that time of the sewage disposal plant; that defendants in the present action conspired among themselves to institute the actions against the city despite the fact that the questions at issue had been determined and adjudicated in the prior actions; and that unless the defendants are required to submit themselves to the jurisdiction of the court in the present action, the city will be subjected to indeterminable, vexatious, and unfounded litigation.

It is further alleged that the defendants named in the present action have a common interest in the subject matter of the litigation and in the questions of law and fact involved in the several actions which have been commenced by them and are now pending. The prayer of the complaint is for judgment against the defendants enjoining them from prosecuting their separate actions and adjudicating their claims against the city and for general relief.

Defendants in their answers admit the commencement of the actions set forth in the complaint, but deny generally other allegations. They filed motions to dismiss the complaint herein on the grounds of lack of jurisdiction over the subject matter, of improper venue, and of failure to state a claim upon which relief can be granted. The lower court dismissed the complaint on the ground that it does not state a cause of action.

■ The argument is made that where a number of persons have separate and individual claims and rights of action against a single party, arising from a common cause and involving similar facts, equity will assume jurisdiction to adjudicate the claims in a single action. Courts recognize the general principle that interposition of equity may be invoked to prevent a multiplicity of suits. The possible conditions in which the doctrine of a multiplicity of suits

may apply are reduced by Prof. Pomeroy in his Treatise on Equity Jurisdiction to four classes. The third and fourth classes are as follows:

"3. Where a number of persons have separate and individual claims and rights of action against the same party, A, but all arise from some common cause, are governed by the same legal rule, and involve similar facts, and the whole matter might be settled in a single suit brought by all these persons uniting as co-plaintiffs, or one of the persons suing on behalf of the others, or even by one person suing for himself alone * * *.

"4. Where the same party, A, has or claims to have some common right against a number of persons, the establishment of which would regularly require a separate action brought by him against each of these persons, or brought by each of them against him, and instead thereof he might procure the whole to be determined in one suit brought by himself against all the adverse claimants as co-defendants." 1 Pomeroy's Eq. Jur., 5th Ed., § 245.

After consideration of cases of the third and fourth classes the author concludes: "Notwithstanding the positive denials by some American courts, the weight of authority is simply overwhelming that the jurisdiction may and should be exercised, either on behalf of a numerous body of separate claimants against a single party, or on behalf of a single party against such a numerous body, although there is no 'common title,' nor 'community of right' or of 'interest in the subject-matter,' among these individuals, but where there is and because there is merely a community of interest among them in the questions of law and fact involved in the general controversy, or in the kind and form of relief demanded and obtained by or against each individual member of the numerous body." 1 Pomeroy's Eq. Jur., 5th Ed., § 269.

The leading case opposed to these views is Tribbette et al. v. Illinois Cent. R. Co., 70 Miss. 182, 12 So. 32, 19 L. R. A. 660, 35 Am. St. Rep. 642, wherein the court said:

"There must be some recognized ground of equitable inter‐ ference [or some community of interest], in the subject‐ matter of controversy, or a common right or title involved, to warrant the joinder of all in one suit; or there must be some common purpose in pursuit of a common adversary, where each may resort to equity, in order to be joined in one suit; and it is not enough that there 'is a community of in‐ terest merely in the question of law or of fact involved.' * * * We do not believe that any accumulation of dog‐ matic assertion and citations and quotations can ever establish the proposition that a defendant sued for damages by a dozen different plaintiffs, who have no community of interest or tie or connection between them except that each suffered by the same act, may bring them all before a court of chancery in one suit, and deny them their right to prose‐ cute their actions separately at law as begun by them."

For consideration of cases dealing with equitable juris‐ diction upon ground of multiplicity of suits, see annotations in 20 L. R. A., N. S., 848; 35 L. R. A., N. S., 491; 40 L. R. A., N. S., 464; 75 A. L. R. 1444; 90 A. L. R. 554; and an instruc‐ tive article on the subject "Bills Of Peace With Multiple Parties" in 45 Harvard Law Rev. 1297.

██ This court has never determined whether equity jurisdiction based upon a multiplicity of suits may be exer‐ cised on behalf of a single party against numerous claimants because there is a community of interest among them in the questions of law and fact in the controversy, and we do not deem it necessary for the purpose of decision in the present case to determine whether such interest alone is ground of equitable jurisdiction. The separate actions to enjoin the city from causing an alleged pollution of the river and for damages brought by these defendants are of equitable cognizance. This is true despite the fact that damages for injuries caused by the alleged pollution are de‐ manded. When an action is one of equitable cognizance, the right to grant full and complete relief, legal and equit‐ able, attaches and is not defeated by denial of the equitable relief asked. Jurisdiction to grant full and complete relief

was recognized in Parsons v. City of Sioux Falls, 65 S. D. 145, 272 N. W. 288, wherein the lower court, as a matter of discretion, denied the prayer for injunction, but awarded damages. It appears from the allegations of the complaint that defendants claim to have been injuriously affected in the same general manner and to have the same right of redress against the city. It is not the injured property involved in each of these actions brought by defendants that is the subject, but it is the right to be protected against the alleged nuisance. Speyer et al. v. School Dist. No. 1, City and County of Denver et al., 82 Colo. 534, 261 P. 859, 57 A. L. R. 203. In Cadigan v. Brown, 120 Mass. 493, plaintiffs were owners of separate tracts of land abutting on a passageway. Defendant began an erection which would interfere with the right of way of such owners. It was held that, although the plaintiffs held their rights under separate titles, they had such a community of interest in the subject matter that they could join in one suit. In Strobel et al. v. Kerr Salt Co., 164 N. Y. 303, 58 N. E. 142, 148, 51 L. R. A. 687, 79 Am. St. Rep. 643, it was held that riparian proprietors owning separate parcels of land could join in a suit to prevent the pollution of the stream bordering their properties. "They all have a common grievance," says the court in that case, "against the defendant for an injury of the same kind, inflicted at the same time and by the same acts. The common injury, although differing in degree as to each owner, makes a common interest and warrants a common remedy." To the same effect and in point are the cases of Cloyes et al. v. Middlebury Electric Company et al., 80 Vt. 109, 66 A. 1039, 11 L. R. A., N. S., 693; Lonsdale Company et al. v. Cook, City Treasurer et al., 21 R. I. 498, 44 A. 929; Foreman et al. v. Boyle et al., 88 Cal. 290, 26 P. 94; Stodder et al. v. Rosen Talking Machine Co., 241 Mass. 245, 135 N. E. 251, 22 A. L. R. 1197; Middleton v. Flat River Booming Co., 27 Mich. 533; Town of Sullivan v. Phillips et al., 110 Ind. 320, 11 N. E. 300. Defendant owners of property allegedly injured by the same nuisance have a community of interest in obtaining an abatement and could have joined in one

action. Equity jurisdiction is not here dependent merely upon a community of interest in the questions of law and of fact involved.

In Hale v. Allinson et al., 188 U. S. 56, 23 S. Ct. 244, 252, 47 L. Ed. 380, the court said: "Each case, if not brought directly with in the principle of some preceding case, must, as we think, be decided upon its own merits and upon a survey of the real and substantial convenience of all parties, the adequacy of the legal remedy, the situations of the different parties, the points to be contested and the result which would follow if jurisdiction should be assumed or denied; these various matters being factors to be taken into consideration upon the question of equitable jurisdiction on this ground, and whether within reasonable and fair grounds the suit is calculated to be in truth one which will practically prevent a multiplicity of litigation, and will be an actual convenience to all parties, and will not unreasonably overlook or obstruct the material interests of any. The single fact that a multiplicity of suits may be prevented by this assumption of jurisdiction is not in all cases enough to sustain it. It might be that the exercise of equitable jurisdiction on this ground, while preventing a formal multiplicity of suits, would nevertheless be attended with more and deeper inconvenience to the defendants than would be compensated for by the convenience of a single plaintiff; and where the case is not covered by any controlling precedent the inconvenience might constitute good ground for denying jurisdiction."

We think that the issues involved are of such a nature that a single trial will not prejudice the interest of any party. The burden is on claimants to show that the city is making an unreasonable use of the river to the injury of the lower riparian owners. This basic issue can be fairly and fully tried in a single trial obviating the burden of repeated trials of such issue. If the court should determine the basic issue in favor of claimants, there would remain the ascertainment of damages. When an action is one of equitable cognizance, the court may as we have indicated

assess and .decree the resulting damages. The burden of repeated trials of the common point in litigation would be far greater than any inconvenience caused by trial of the independent issues with respect to damages in a single action and guided by a consideration of the relative convenience or inconvenience to the parties sufficient reason does not appear for withholding injunctive relief to prevent a multiplicity of suits.

 It is contended that as to defendants owning lands in Lincoln County injured by the alleged nuisance, they will be denied the right, if jurisdiction should be assumed, to have this action tried in the county in which their lands are situated. The complaint does not allege that defendants are owners of specific subdivisions or tracts of land or that any of the lands owned or occupied by them are situated in Lincoln County, but if any lands referred to in the complaint are in Lincoln County we do not think that such fact would justify a denial of the relief prayed for. Actions for injuries to land may be tried in the county in which the land or some part thereof is situated. SDC 33.0301. If it be assumed that this is an action as defendants contend involving injuries to land in Minnehaha and Lincoln Counties, it is maintainable in either county.

We think that the lower court committed error in granting the motion to dismiss. From the allegations of the complaint, there appears sufficient facts to justify the relief prayed for. The order appealed from is therefore reversed.

All the Judges concur.