HOSSACK, Respondent, v. CITY OF SIOUX FALLS, Appellant

(10 N. W.2d 751.)

(File No. 8520. Opinion filed August 4, 1943.)

**Roy D. Burns** and **Claude A. Hamilton,** both of Sioux Falls, for Defendant and Appellant.

**Louis H. Smith,** and **Blaine Simons,** both of Sioux Falls, for Plaintiff and Respondent.

ROBERTS, P.J. This is one of numerous actions commenced against the City of Sioux Falls by lower riparian owners or tenants owning or occupying land along or near the Big Sioux River and below the City of Sioux Falls. The original complaint in the present action, filed by plaintiff Grace Hossack, against the City of Sioux Falls alleges that she is the owner of a farm through which the Big Sioux River flows; that the discharge of sewage into the river by the city has created a nuisance and if continued will cause interminable litigation; that plaintiff has no adequate remedy at law; that if the pollution of the river is continued it will cause irreparable injury to plaintiff's land; and that defendant city will continue to empty pollution and refuse into the river unless restrained by injunction. The prayer is for both an injunction and damages. To this complaint the city answered, denying that it has created a nuisance by the discharge of effluent from its sewage disposal plant and that plaintiff has not sustained damages as alleged in the complaint.

On August 20, 1941, plaintiff served on defendant city a notice of motion to be heard on August 28, 1941, to amend her complaint. Plaintiff seeks to convert the action from a suit in equity to an action at law by striking the allegations relied on for equitable relief and to strike the prayer for an injunction.

On August 27, 1941, the City of Sioux Falls commenced an action against Grace Hossack, plaintiff herein, and the numerous other persons who have severally instituted actions against the city to enjoin the city from causing pollution of the river by the maintenance and operation of its sewage disposal plant and for damages. The purpose of that action is to restrain the several defendants from subjecting the city to a multiplicity of suits and to vexatious litigation. The court granted a temporary restraining order enjoining the defendants from prosecuting their separate actions pending hearing on the application for temporary injunction. Defendants in the action instituted by the city moved to dismiss the complaint therein on the grounds of lack of jurisdiction over the subject matter, of improper venue and of failure to state a claim upon which relief could be granted. The trial court dismissed the complaint on the ground that it did not state a cause of action. The city appealed from the order of dismissal and this court reversed the order of the lower court, holding that there appeared sufficient facts in the complaint to justify the relief prayed for. City of Sioux Falls v. Hossack, 69 S. D. 21, 5 N. W.2d 880.

On November 17, 1941, the trial court in the present action entered its order granting leave to file an amended complaint. The order provides that if the defendant city appeals therefrom the decision on the appeal pursuant to the stipulation of counsel shall be decisive in all similar actions pending against the city.

The city contends that it was error for the court to permit the amended and substituted complaint to be filed. ■■ Under the rule announced in City of Sioux Falls v. Hossack, supra, the facts alleged in the original complaints would have entitled plaintiffs to join their causes of action against the city in one suit to obtain an abatement of the alleged nuisance, and the ground of equity jurisdiction therein to prevent a multiplicity of suits rests upon the community of interest in the subject matter. According to some authorities, as this court indicated, equity

has jurisdiction to enjoin the prosecution of independent actions at law by different persons against the same defendant, if there exists merely a community of interest in questions of law or fact in the controversy. If such community of interest is sufficient to confer jurisdiction in equity, a basis for equity jurisdiction to prevent a multiplicity of suits would exist notwithstanding the amendments, and the city would not be prejudicially affected thereby. After a consideration of the conflicting authorities referred to in the opinion of this court in the City of Sioux Falls v. Hossack case, we think that the rule sustained by the majority of courts and by the better considered decisions is that a community of interest in questions of law or fact is not sufficient to confer jurisdiction to enjoin prosecution of actions at law by different persons injured by the same tort. After commenting on the legal conflict, the writer of the annotation beginning at p. 1444 of 75 A. L. R., following report of the decision of the U. S. Circuit Court of Appeals, Fourth Circuit, in Georgia Power Co. v. Hudson, 49 F.2d 66, 75 A. L. R. 1439, concludes:

"The question is here raised only with regard to cases involving the recovery of damages by different persons as compensation for injuries caused by the same tort. In these circumstances the only community of interest is the infliction of the particular injury complained of in the different actions at law by the same tortious act. Notwithstanding a temporary vacillation upon the subject by some courts of the highest standing, the rule seems now to be well settled that one who, by a tortious act, has inflicted an injury upon several or many persons, is not entitled to enjoin the prosecution by persons of separate actions at law to recover compensation for the injuries occasioned them individually by the tortious act complained of.

"It is fundamental that one seeking to invoke equitable relief must establish in himself an equity. The mere fortuitous fact that several persons have independent actions against him growing out of his own wrong does not invest him with any such equity. The mere fact that the defend-

ant has by his negligence injured several, even many, people, cannot give him an equity which will entitle him to invoke the equitable relief of enjoining prosecution by such persons of their respective individual actions at law to recover damages as compensation for the injury ascribable to the negligent act complained of."

Since, therefore, the city cannot assert an equitable right to enjoin prosecution of independent actions at law growing out of the same tortious act, we come then to the question as to whether the court erred in permitting the filing of an amended complaint to convert the suit in equity into an action at law. The right of the trial court to permit amendments is recognized by rule of court. A party may amend his pleading once as a matter of course at any time before a responsive pleading is filed, and at later stages amendments are liberally allowed upon application to and by leave of court. Amendments to conform to proof, even after judgment, may be made upon motion of any party. SDC 33.0914. It is insisted by counsel for the city that the purpose of the amendment is to defeat the jurisdiction of the court in the case instituted by the city and that, under these circumstances, the plaintiff should not be permitted by amendment to convert the action from equity to law. Since there is only one form of action in this state (SDC 33.0101), it is obvious that a change by amendment from one kind of relief to another is permissible where the amendment is not otherwise objectionable. 41 Am. Jur., Pleading § 307. This court in Byrne v. McKeachie, 29 S. D. 476, 137 N. W. 343, 346, holding that a change in the form of an action from equity to law by amendment after the evidence had been submitted came too late, said: "True, a jury was called and impaneled, the same as in an action at law; but a jury may be called in that way in an equity suit, whose verdict and findings are only advisory to the court, and still, nevertheless, leaving the action on the equity side of the court to progress and be determined according to the methods of equity case procedure. From the language used in the order of July 11th, it is quite evident the trial court con-

sidered that up to that point in the proceedings it was an equity action with equity pleadings. At the time this suit was being tried, there was no power or jurisdiction to try the case other than as an equity suit. The issues as framed by the pleadings at that time must govern and determine the nature of the trial. * * * after a cause has been completely tried out on the pleadings, which could not be other than on the equity side, and could not be other than to call into exercise the equity jurisdiction of the court, it is then too late to permit an amendment that would change the nature of the action from an equity suit to an action at law to the prejudice of one of the parties by depriving him of the right to findings made by the court, and also depriving him of the right to have the cause reviewed on appeal under the rules and methods of review on appeal in equity cases."

 Conceding that, from like reasoning, a motion made by a plaintiff against whom and other plaintiffs a cause of action is stated in a separate suit to enjoin prosecution of their several actions comes too late after the commencement of such suit, it does not follow that it was error for the court in the instant case to permit the amendment. It appears from the record that plaintiff made her motion to amend before commencement of such an action by the city. There is no attempt to set up a new or different cause of action in the amended complaint, the only change being in the relief sought, and there are no extraordinary or exceptional circumstances that may fairly be regarded as precluding the right to amend.

The order appealed from is affirmed.

All the Judges concur.