THOMAS CANTY *vs.* GEORGE F. LATTERNER and others.

November 24, 1883.

**Complaint praying wrong Relief—Demurrer.**—A complaint which states facts constituting a cause of action of either a legal or an equitable nature, is not demurrable because framed with a view to relief of another kind than that to which the facts show the plaintiff to be entitled.

**Attorney and Client— Contract held not Champertous.**— By contract between a plaintiff in an action and his attorney therein, the former agreed to pay the latter for his services a certain sum if he won the cause, and nothing if he failed to do so. The contract contained this further stipulation respecting the agreed compensation: "I hereby agree that he (the attorney) shall receive said money from the Minneapolis & St. Louis railroad out of the amount due me from said railroad company for running through my land, to be paid when said suit is settled." *Held,* that the agreement was not champertous nor illegal.

**Contract—Equitable Assignment of Part of Chose in Action.**—The contract construed as an equitable assignment of the portion of the chose in action referred to, entitling the attorney to receive the same specifically, the condition respecting payment having been fulfilled.

**Same—Not affected by Error as to Situation of Fund.**—The railroad company having, before the contract was made, but without the knowledge of the parties, deposited in court the amount of the debt referred to, pursuant to statute, it is considered that the attorney had a right, by force of the contract, and without a reformation of it, to recover out of the fund in court the stipulated sum.

**Homestead—Condemnation—Husband's Power over Compensation.**— A husband, a part of whose homestead is taken under the law of eminent domain, may dispose of the compensation awarded to him therefor without the consent of his wife.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young,* J., presiding, sustaining the defendant Latterner's general demurrer to the complaint.

The action was brought against Latterner, the Minneapolis & St. Louis Ry. Co., and the clerk of the district court, and the case made by the complaint is in substance as follows: One Babcock brought eject-

ment against Latterner for the S. E. ¼ of the N. E. ¼ of section 32, town 117, range 23, in Hennepin county, and on November 21, 1881, had judgment in his action.  On November 26, 1881, plaintiff was substituted as Latterner's attorney, the costs were paid, and a second trial secured.  This trial was had May 27, 1882, and Latterner had a verdict and judgment.  The railway company took proceedings against Latterner, to acquire a right of way through the same land, and on June 17, 1881, judgment was rendered condemning a strip 100 feet wide, and adjudging $275 as compensation.  On June 27, 1881, it was ordered that this sum be paid into court by the company, to be paid to Babcock or Latterner as the court should thereafter determine, and on the same day the money was paid to the clerk of the court, and the company took and has since held and used the strip condemned.

On December 28, 1881, plaintiff and Latterner made an agreement, whereby plaintiff agreed to conduct the second trial of the Babcock suit, and Latterner agreed to pay him $100 as attorney's fee therefor, in case of success, and then and there assigned to plaintiff $100 out of the $275 adjudged against the railway company.  Plaintiff and Latterner then attempted to reduce their agreement to writing, and made and signed an instrument as follows: "I, George F. Latterner, hereby agree to pay Thomas Canty $100 for the conduct and trial of the case in the district court of Hennepin county, Minnesota, wherein Edward A. Babcock is plaintiff and I am defendant, if he wins said case in said court, and nothing if said Canty does not win it; and I hereby agree that he shall receive said money from the Minneapolis & St. Louis Railroad out of the amount due me from said railroad company for running through my land, to be paid when said suit is settled.  And I, Thomas Canty, agree to conduct and try said case on the above conditions."  Plaintiff and Latterner, when they made the contract, both supposed that the $275 was still in possession of the railway company, and were ignorant that it had been paid to the clerk of the court.  Latterner is insolvent, and the real estate described is his homestead, and no part of the $100 has been paid.

For a second cause of action, the plaintiff alleges a further agreement that in case an appeal to the supreme court should be taken in

the Babcock suit, the plaintiff would act therein as attorney for Latterner, and the latter agreed to pay him a further sum of $100, out of the same fund of $275, in case of success, and nothing in case of failure. The appeal was taken, plaintiff acted as attorney, and the judgment of the district court was affirmed, but no part of the $100 has been paid.

The relief demanded is (1) that the written contract be reformed to conform with the actual agreement, as alleged; (2) that Latterner be enjoined from receiving, and the clerk from paying him, any part of the $275 until the final determination of this action; (3) that the $275 be distributed, and that plaintiff receive therefrom $200 and his costs and disbursements; and (4) general relief.

*Thomas Canty, R. H. Day,* and *D. B. Johnson,* for appellant.

*Merrick & Merrick,* for respondent.

DICKINSON, J. The demurrer rests alone upon the ground that the complaint does not state facts sufficient to constitute a cause of action. It is urged in support of the demurrer that this action cannot be sustained, because it is in its nature equitable, while an adequate remedy of a legal kind is open to the plaintiff. This is no sufficient ground for a demurrer. The action cannot be dismissed, nor is the complaint demurrable, if facts are alleged which constitute a cause of action of either a legal or equitable nature. Upon such facts, admitted, as by demurrer, or proved upon trial, the court, which exercises both legal and equitable jurisdiction, will award the proper relief. *Connor* v. *Board of Education,* 10 Minn. 352, (439;) *Metzner* v. *Baldwin,* 11 Minn. 92, (150;) *First Div., etc., R. Co.* v. *Rice,* 25 Minn. 278; *Wright* v. *Wright,* 54 N. Y. 437; *Leonard* v. *Rogan,* 20 Wis. 540; *White* v. *Lyons,* 42 Cal. 279.

The parties were not restrained by any existing rule of law from agreeing upon the measure and mode of the plaintiff's compensation. The contract was authorized by statute, (Gen. St. 1878, *c.* 67, § 1,) and was not champertous nor illegal. No other substantial reason is suggested as opposing a right on the part of the plaintiff to recovery, either from the specific fund in court or from the defendant Latterner, personally, and, he being entitled to one or the other of these remedies, the demurrer cannot be sustained.

v.31—16

We will consider some other questions relating to the construction and effect of the written contract recited in the complaint which were argued before us, and which are claimed to have been passed upon in the decision of the court below.

Did the contract constitute an assignment of the fund in question entitling the plaintiff to a specific recovery of it? The doctrine has generally prevailed, at least in courts of law, that an assignment or order for the payment of a part only of an entire chose in action is not effective to give a right of recovery against the debtor, in the absence of assent on his part to the transaction. Since choses in action became legally assignable, the only reason remaining for the rule is that which regards the rights of the debtor, namely, that he may not without his consent be subjected to several actions, or compelled to respond to several demands, his obligation being originally single and entire. The rule extends not beyond the reason for it; and, as between the parties to the transaction, an assignment of a part of an entire demand is binding and enforceable. In this case the railroad company had discharged its obligation by paying the money into court pursuant to statute, and only the parties to the contract are interested in the contract or its enforcement. They are bound by it.

Upon its face the contract is to be construed as an equitable assignment of $100 of the amount there referred to as due to the respondent from the railroad company. It expressed not merely an obligation to pay upon the contingency named, nor merely to pay out of money to be collected by the respondent, but that the plaintiff should receive this money *from the railroad company*, out of the amount owing by it to the respondent. It was in effect a constructive appropriation, in favor of the plaintiff, of so much of the money payable to the respondent, subject only to the condition named, and was hence operative as an assignment, although not an assignment in form. *Crone* v. *Braun*, 23 Minn. 239; 2 Lead. Cas. in Eq. (White & Tudor's Notes,) 1644. A distinction exists between such a case and an agreement that the promisor will pay out of a particular fund. In the latter case the agreement contemplates a continued right in the promisor to recover and to hold the money, and that payment shall be made only through him.

The fact that, by the terms of the contract, the plaintiff's right to receive the money was contingent upon a successful termination of the action, does not forbid that the contract be treated and enforced as an assignment, since the specified event has occurred, and the plaintiff's right thereby become absolute.

The fact that the railroad company had, before the making of the contract, deposited the money in court, to be paid to the person entitled to receive it, as it might do under the statute, and thereby discharge itself from further liability, and that the instrument was framed in ignorance of this fact, does not change the legal effect of the written agreement as an equitable assignment of the fund, nor render necessary a reformation of the contract, in order that it may express the real intention of the parties. The right of the plaintiff in respect to the fund in question may be stated in the two propositions, that, under the contract and by a construction of its terms, he was entitled (the condition being fulfilled) to receive from the railroad company the money owing to the respondent, and that that money so owing and the fund in court are identical.

The statute which forbids the alienation of the homestead of the husband without the consent of the wife, does not affect his right to dispose of the money awarded to him as compensation for a taking of any part of the land under the law of eminent domain.

Order reversed.