## St. Clair Nail Company

### v.

## Albert Smith.

*Personal Injuries—Servant—Contractor—Duty of Employer.*

1. An individual owes a duty to a person under a contract to perform a specific service for him, to have a structure used in and about the same, reasonably safe and secure, although he be not a servant regularly employed.

2. In view of the evidence in the case presented, this court holds that the relation of master and servant existed between the parties thereto; that the plaintiff was not guilty of negligence in remaining at work after notifying the defendant of defects in a certain structure, a promise to make the same safe having been given; that he did not assume the risk of so remaining, and that the judgment in his favor can not be interfered with.

[Opinion filed February 26, 1892.]

In error to the Circuit Court of St. Clair County; the Hon. George W. Wall, Judge, presiding.

Messrs. C. P. KNISPEL and TURNER & HOLDER, for plaintiff in error.

Mr. WILLIAM WINKELMAN, for defendant in error.

PHILLIPS, J.   The defendant in error contracted with the plaintiff in error to unload and shear old rails, and pile them up in a proper place so they could be used, for which he was to be paid $1.50 per car.   The superintendent of the company determined the size of the iron wanted each day for different sizes of nails to be made, and placed on a slate in the nail mill the same, and the plaintiff was thus informed of the size of rails he was to cut to keep the mill going.   Rails were unloaded from the cars and laid on a platform built for the purpose, and from the platform, rails were taken to be sheared.   This platform had been recently built in place of one that had been used for several years.   The old platform had six rails across for the support of the rails laid thereon; the new platform had three rails.   The superintendent of the defendant company made the plan of the platform and the plaintiff aided in building it.   When it was almost completed plaintiff proposed to cut rails to a proper length, and put on the platform three more rails to make it the same as the old one in that respect.   The superintendent objected to his cutting these rails as the parts so cut off would be wasted, and plaintiff was directed to keep a lookout for rails of proper length and when he got them to lay them aside for that purpose.   This request of plaintiff to cut and put on other rails is testified to by the plaintiff and two other witnesses; it is denied by the superintendent of defendant.   While the plaintiff was working, removing rails from this platform, it fell because of not being strong enough to support the weight thereon, and the plaintiff was injured.   A general supervision was exercised over the plaintiff and all others working about the mill by the superintendent of the company.   Plaintiff sued to recover damage.   A trial resulted in a verdict and judgment for plaintiff for $2,350.

The jury found specially that the plaintiff had a contract

St. Clair Nail Co. v. Smith.

with the defendant to shear the rails at so much per car, and had full control of the manner he was to do the work; the end of the platform farthest from defendant gave way first; that the plaintiff knew the platform was unsafe and notified defendant that it was unsafe, and the defendant promised to make it secure; that the plaintiff did not direct the manner of construction of the platform, and could not have avoided the accident after the end of the platform fell. The defendant sues out this writ of error.

Although the evidence was conflicting there was evidence to sustain each special finding of the jury. While the defendant was working under a contract as a contractor so far as his payment was concerned, yet he was working under the general supervision of the superintendent of the company, who testified in reference to plaintiff: "He had been filling that position under the old firm for two or three years, and I don't think that nearly anything occurred that he had to be told anything, but of course he was under my supervision to see that he kept up the work." The building of the platform was done and on a plan directed by the superintendent, and at the time it was built the plaintiff was a servant working under the superintendent, paid for by the day. That platform was constructed on the 28th of April, and some rails cut on that day, when the plaintiff was directed to suspend work, and none was done until the 9th of May, when he commenced work, and shortly after, and on that day, it fell and injured him. From these facts it is clear that the erection of the platform and the control exercised in the directions given by the superintendent, show it was under the control of the company and was a structure to be used in and about their work. The evidence shows it to have been unsafe by reason of not being sufficiently strong to hold the weight placed thereon, and its weakness is shown to have been caused by failing to use sufficient rails to support that weight. That structure was to be used in and about the work of the company, and whether used by one working as a servant or as a contractor doing work, necessarily using it about the work to be performed, the company owed a duty to have such structure reasonably safe and

secure, and sufficient to support the weight to be placed thereon. The manner the plaintiff was to be paid is not the controlling question in determining his relation to the company. The fact that he was under the control of the company's superintendent, who directed when to work, and under that supervision as to the work to be done, and in doing it acted at the time for and in place of the master, and in accordance with and representing the master's will and not his own, made the relation that of master and servant under the facts appearing in this record. The servant knew of the defects in the structure, and, as found by the jury, notified the defendant of that fact, who directed when and how it was to be made secure. Before rails could be found of proper length to make it secure it fell. The plaintiff continuing in the service under the promise and direction of the master was not guilty of negligence, nor did he assume the risk consequent on the insecurity of the structure. Missouri Furnace Co. v. Abend, 107 Ill. 51; Conrad v. Vulcan Iron Works, 62 Mo. 35; Green v. Minneapolis Railway Co., 31 Minn. 243; Penn Co. v. Lynch, 90 Ill. 335.

The instructions given for the plaintiff correctly stated the law, and the modification of defendant's instructions was proper. We find no error in the record. The judgment is affirmed.

*Judgment affirmed.*