## No. 11,754.

SPEYER, ET AL. *v.* SCHOOL DISTRICT No. 1, CITY AND COUNTY OF DENVER.

Decided November 28, 1927.

Action to enjoin enforcement of order of school officials that children shall eat their noon lunches in the school buildings. Judgment of dismissal.

### *Reversed.*

1. PLEADING—*Injunction—Misjoinder of Parties.* In an action by the proprietors of a number of school supply stores to enjoin the enforcement of an order by school officials that children should eat their noon lunches in the school buildings, which order, it is alleged, would ruin the several business enterprises of plaintiffs, the contention that there was a misjoinder of plaintiffs overruled, it being held that plaintiffs had a common equity, in that an injunction in favor of one would accomplish the purpose of all.

2. NUISANCE—*Abatement—Parties.* One or more persons injured by the maintenance of a nuisance may sue to enjoin for all so injured.

3. ACTIONS—*Injunction—Subject.* In an action by a number of merchants to enjoin the enforcement of an order of school officials, which plaintiffs allege would ruin their business, it is held that it is not the business of each plaintiff which is the subject of the action, but the common right of protection from inequitable conduct.

4. PLEADING—*Misjoinder of Parties—Demurrer—Relief.* In an action by a number of plaintiffs for relief from inequitable conduct of defendants, the demand for relief does not determine the kind of relief that may be granted. If the complaint states any ground for any kind of joint relief, a demurrer for misjoinder of plaintiffs cannot be sustained.

5. *Equitable and Legal Actions.* A demand for legal relief does not destroy a complaint good in equity.

6. TORTS—*Motive of Defendants—Public Officials.* A person may act in his own right from any motive, if his act is lawful, but a public official must act without malice, or at least in good faith pursue a right purpose if he would avoid liability for injuries to others occasioned by his acts.

7. SCHOOLS—*Rules—Object.* When a public official makes a rule or order in bad faith, with malice and for the purpose of injuring another and profit to himself, his action may be enjoined.

8. PLEADING—*Injunction—School Orders.* In an action by merchants to enjoin the enforcement of a rule providing that children shall eat their noon lunches in the school buildings, complaint held to state a cause of action.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Sackmann, Judge.*

Mr. VICTOR ARTHUR MILLER, Mr. MANDELL LEVY, for plaintiffs in error.

Mr. CASS E. HERRINGTON, Mr. F. W. SANBORN, Mr. HERBERT M. MUNROE, Mr. ELMER D. GWIN, for defendants in error.

*Department One.*

Mr. Justice Denison delivered the opinion of the court.

Speyer et al., for themselves and others similarly situated, brought suit against the Denver school district and certain of its officers for an injunction and damages; a demurrer to their complaint was sustained. They elected to stand and come here on error.

The demurrer was on two grounds, misjoinder of plaintiffs and insufficient facts.

The complaint alleged that plaintiffs conducted separate school supply stores in the vicinity of various public schools in the district, that the district and its officers, the other defendants, had promulgated and were enforcing a rule that all pupils except those whose parents otherwise preferred should eat their noon lunches in the school buildings, to the ruin of the several business enterprises of the plaintiffs.

The arguments upon the first ground are: (1) That since the shops of the plaintiffs are separate and several, they have no common title or interest which is injured by defendants' conduct and so have no common equity; (2) that the business of each plaintiff is the "subject" of his particular action and hence they cannot be joined under §§ 10 and 12 of the code; and (3) that they are asking joint damages when it is obvious that only several damages can be proved.

Upon the first point the plaintiffs have a common equity in that the injunction in favor of one would accomplish the purpose of all. The common analogue is the suit to enjoin a nuisance; one or more injured by its maintenance may sue for all so injured. *Cadigan v. Brown*, 120 Mass. 493; *Barnes v. Racine*, 4 Wis. 454.

As to the second point counsel is mistaken in supposing that it is the property or business of each plaintiff that is the subject of the action. Just as in case of a nuisance it is not the injured property of the plaintiffs that is the subject, but the right to be protected from the alleged nuisance. This is the sense in which "subject"

is used in *Cadigan v. Brown, supra.* See also *Churchill v. Lauer,* 84 Cal. 233, 24 Pac. 107; *Pettibone v. Hamilton,* 40 Wis. 402, 417. So here it is not the plaintiffs' injured business, but their common right of protection from inequitable conduct which is the "subject of the action" and the "relief demanded" is the injunction which protects that right.

As to the third point the demand for relief does not determine the relief that may be granted, and, if the complaint states any ground for any kind of joint relief, the demurrer cannot be sustained for misjoinder of plaintiffs. A demand for legal relief does not destroy a complaint good in equity. *Mordecai v. Seignious,* 53 S. C. 95, 30 S. E. 717; *Canty v. Latterner,* 31 Minn. 239, 17 N. W. 385.

Does the complaint state a cause of action? It seems clear that it does. The allegations are that the "defendants and each of them maliciously, unlawfully and without just cause and with the express intention of destroying then and there the businesses owned and operated by each of the said plaintiffs and with no other purpose in view, unlawfully conspired together and did enter upon a course of action which was put into effect and enforced by the said defendants to the end that a rule was passed and promulgated  *  *  *  as follows: 'Pupils in senior high schools must lunch at the school building, except that on a written request from parents on a form supplied by the schools, a pupil may be permitted to lunch at home or at some other place designated by the parents. Such a permit may be revoked by the principal, if, while off the ground during the lunch period, a pupil is guilty of improper conduct.' And in furtherance of their scheme to destroy said plaintiffs' respective businesses all students were forbidden from dealing or trading with the plaintiffs on penalty" of expulsion, and defendants persuaded parents to withdraw permission to trade with plaintiffs, all to the ruin of said businesses and property; and that said rule was

to force business into cafeterias owned, controlled and operated by said defendants and others under their supervision from which they derive profits.

The argument of defendants in support of their demurrer, reduced to its lowest terms, is that no act, otherwise lawful, is made unlawful because done with a bad motive; that the rule in question is lawful, that nothing is alleged against it but motive and so it cannot be enjoined.

The flaw in this reasoning is in the major premise. It is not universally true. Some acts of public officers become unlawful because of motive, or perhaps more accurately speaking because of purpose.

Plaintiffs' argument is that any act of a public officer involving discretion, if exercised with malice in bad faith and without a right purpose is unlawful; that the rule in question is a discretionary act and is by the demurrer admitted to have been passed with malice in bad faith, to destroy plaintiffs' business and divert their profits to the pockets of defendants and for no other purpose; that therefore it is unlawful, inequitable and may be enjoined. The argument is sound. Stated in this way it requires no argument or authority to show that such conduct cannot be sanctioned or permitted. A person may act in his own right from any motive if his act is lawful, but a public officer must act without malice or at least must in good faith pursue a right purpose. The authorities are numerous: *Jones v. Cody,* 132 Mich. 13, 92 N. W. 495, 62 L. R. A. 160; *Lamb v. Redding,* 234 Pa. 481, 83 Atl. 362; *Moore v. Porterfield,* 113 Okla. 234, 241 Pac. 346; *Yealy v. Fink,* 43 Pa. 212, 82 Am. Dec. 556; *Dinsman v. Wilkes,* 12 How. 390, 13 L. Ed. 1036; *Wall v. McNamara,* cited and quoted in *Johnstone v. Sutton,* 1 T. R. 493, 536; *Black v. Linn,* 17 S. D. 335, 96 N. W. 697, citing many cases; *State v. Thornton,* 136 N. C. 610, 48 S. E. 602; *Kansas City v. Hyde,* 196 Mo. 498, 96 S. W. 201; *Fertich v. Michener,* 111 Ind. 472, 486, 11 N. E. 605, 60 Am. Rep. 709. See also *Smith v. Board,* 10 Colo. 17, 13 Pac. 917.

*Jones v. Cody* holds the action of the school board valid, but notes that no malice is charged. In *Lamb v. Redding* the court said, "if the facts admit of no other conclusion than that the determination of the board has been influenced by other considerations than the public interests, no matter what these may have been, the law will regard it as an abuse of power, a disregard of duty, and it becomes the duty of the courts to interfere for the protection of the public." pp. 484, 485. We need not here and now go so far as to approve this proposition in toto. In *Dinsman v. Wilkes* the U. S. Supreme Court, at page 404, makes the whole case turn on the motive or purpose* which actuated the officer in doing what it accords him the right to do. So Lord Mansfield in *Wall v. McNamara.*

It may be conceded, so far as this demurrer is concerned, that the mere fact that a public officer hates a person and may be glad to see him suffer as a consequence of that officer's official act is not enough to justify interference by the courts, and that if the rule is a reasonable one and is made in good faith for the good of the schools and pupils, it is of no consequence that it injures plaintiffs' enterprises or that defendants are glad that it does so; but when, as is here alleged, the officer acts in bad faith, with malice, and from no purpose or motive except to injure another, the case is different.

It follows from what we have said that the complaint states a cause of action and that the demurrer should have been overruled. The other questions raised in the briefs, therefore, it is not necessary to decide.

Judgment reversed with directions to overrule the demurrer and proceed with the case.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.

---

* The distinction between "motive" and "purpose" is not always kept in mind by the courts in their opinions. Wig. Ev. §§ 117 and elsewhere.