Pauline H. MILLS, Plaintiff in Error,

v.

Cragin Flem SMITH and the National Surety Corporation, a Corporation, Defendants in Error.

No. 38837.

Supreme Court of Oklahoma.

Sept. 13, 1960.

Rehearing Denied Oct. 18, 1960.

Kennedy & Kennedy, Oklahoma City, for plaintiff in error.

Lytle, Johnston & Soule, Oklahoma City, for defendants in error.

BLACKBIRD, Justice.

Plaintiff in error instituted this cause, as plaintiff, to recover damages from the defendants in error, a former County Assessor of Oklahoma County, and the surety on his official bond, as defendants, on account of said assessor's alleged wrongful assessment of two certain city lots plaintiff owned on Northwest 23rd Street in Oklahoma City.

Plaintiff perfected the present appeal, as plaintiff in error, after the trial court sustained defendants' general demurrer to her

second amended petition; and, upon her election to stand on said amended petition, entered judgment dismissing the action. Our continued reference to the parties will be by their trial court designations.

In plaintiff's attempt to state a cause of action against defendants, her second amended petition alleged, among other things, that the defendant Smith had occupied the position of County Assessor for thirteen consecutive years; that on the first day of the years 1956 to 1958, both inclusive, he had unjustly increased the evaluation of plaintiff's aforementioned lots for ad valorem tax purposes from $7,600 to $12,690; that said assessments were excessive, arbitrary, discriminatory and unequal to that of properties similarly situated, and was a violation of said defendant's duty under Title 68 O.S.1951 § 15.8 to assess all real and personal property at its "fair cash value." Plaintiff further alleged that said evaluation increase amounted to 67% over the "land assessments" rendered in certain district court cases for the years 1955, 1956, and 1957, respectively. The amended petition also described evaluations given other business properties in Northwest Oklahoma City by the County Assessor; and prayed for a total of $5,930 in damages, of which $5,000 was the amount of the alleged diminishment in the reasonable market value of plaintiff's property " * * * after (defendant Smith's) * * * willful malicious act * * * "; and the remaining $930 was for the alleged value of time plaintiff lost from work, and the attorneys and witness fees she incurred, in obtaining the lowering of defendant's alleged unjust assessments of her said property.

In Proposition II of her brief, plaintiff argues the affirmative of the question of whether or not a tax assessor may be civilly liable in damages to a tax payer for injuries resulting from acts such as are described in her second amended petition, which, in rather exhaustive briefs, the parties agree is a matter of first impression in this jurisdiction. Plaintiff recognizes the immunity of county assessors (and other so-called quasi-judicial public officers) from private actions for damages on account of honest errors, or mistakes, in judgment in assessing property. She also recognizes the rule which protects judicial officials from liability for judicial acts, even though actuated by corrupt or malicious motives (for which defendants cite Francis v. Branson, 168 Okl. 34, 31 P.2d 870; Waugh v. Dibbens, 61 Okl. 221, 160 P. 589, L.R.A. 1917B, 360; and Brictson v. Woodrough, 8 Cir., 164 F.2d 107. See also Linder v. Foster, 209 Minn. 43, 295 N.W. 299, 300, 301; the Note to Lacey v. Hendricks, 164 Ala. 280, 51 So. 157, 137 Am.St.Rep. 45; 43 Am.Jur., "Public Officers", sec. 276.) However, she contends that malicious acts of quasi-judicial officers (like tax assessors) require application of a different "rule", which she quotes from 84 C.J.S. Taxation § 387, as follows:

> "A tax assessor may be civilly liable in damages to a taxpayer for injuries resulting from unauthorized or wrongful acts in the performance of his duties."

There are decisions, or expressions in them, that seem to support holding a quasi-judicial official liable in damages to parties injured by his malicious official acts. See Bailey v. Berkey, C.C., 81 F. 737 (Tax Assessor); Dunbar v. Fant, 170 S.C. 414, 170 S.E. 460, 90 A.L.R. 1412, 1421, 1422, citing 46 C.J. 1043 and 22 R.C.L. 485 (State Bank Examiner); Speyer v. School Dist., 82 Colo. 534, 261 P. 859, 57 A.L.R. 203 (School Dist. Officers); Parkinson v. Parker, 48 Iowa (Runnels) 667; Contra: Yaselli v. Goff, 2 Cir., 12 F.2d 396, 56 A. L.R. 1239 (Asst. Atty. Gen.); Gottschalck v. Shepperd, 65 N.D. 544, 260 N.W. 573 (Administration Board Members of a State Agricultural College) cited in Hughes v. Bizzell, 189 Okl. 472, 117 P.2d 763, 765; Kittler v. Kelsch, 56 N.D. 227, 216 N.W. 898, 56 A.L.R. 1217 (State's Attorney); Stewart v. Case, 53 Minn. 62, 54 N.W. 938 (Tax Assessor).

In Lutes v. Thompson, 193 Okl. 331, 143 P.2d 135, and Dickey v. Cordell, 176 Okl. 205, 55 P.2d 126, this court, by implication at least, recognized that a "public officer" may be liable in damages for the performance or non-performance of discretionary duties when actuated by corrupt or malicious motives or intent, but it was never contended that either of the officers involved in those cases were quasi-judicial officers, and we have had no previous occasion to recognize the distinction between such officers and others. We think reason, justice and public policy demand that when a public officer is engaged in a quasi-judicial duty involving discretion, he be immune from liability for his acts, if they are within his jurisdiction, or lawful authority, regardless of his motive. As stated in Sanders State Bank v. Hawkins, Tex.Civ.App., 142 S.W. 84, to hold him liable for discretionary acts in a "private action, it must appear that he transcended the limits of his power, but as long as he remains within the scope of his legal authority he is not liable, notwithstanding his motive; * * *". For a discussion as to the reasons therefor, see Wright v. White, 166 Or. 136, 110 P.2d 948, 135 A.L.R. 1, and Hoppe v. Klapperich, 224 Minn. 224, 28 N.W.2d 780, 788. In our opinion, there is no question but that when a tax assessor is evaluating property for ad valorem tax assessment, he is engaged in a quasi-judicial duty, or capacity; and the same considerations exist for granting him immunity from private liability in his determination of what the evaluation shall be, that exists for granting judicial officers such immunity in the performance of their duties. Notice Gammel v. Ernst & Ernst, 245 Minn. 249, 72 N.W.2d 364, 54 A.L.R. 2d 316, 317. Such an act may be quite different from the act of a county assessor exceeding his authority, or attempting to charge a tax payer with taxes on property he does not own. In this connection compare with Parkinson v. Parker, supra, the other cases cited in the note to Howley v. Scott, 123 Minn. 159, 143 N.W. 257, 51

L.R.A.,N.S., 137, at page 141. As said in Stewart v. Case, supra:

"The same reason which justifies the rule of exemption in the case of judges of courts applies to assessors, when they are determining the value of property for the purposes of taxation. Protection is not extended to the judge for his own sake, but because the public interest requires full independence of action and decision on his part, uninfluenced by any fear or apprehension of consequences personal to himself except in so far as he may be accountable to the state for the manner in which he shall discharge the duties intrusted to him. It is also for the public interest that assessors, in determining values for purposes of taxation, should possess the same independence. If they were liable to have the considerations upon which they make the valuations impeached at the suit of every dissatisfied property owner, it is doubtful if men fit to hold the office could be induced to take it."

Nor does the fact that in appeals to the district court, the evaluation of plaintiff's lots for the years 1955–1957, both inclusive, may have been fixed at less than the evaluation Assessor Smith had previously assessed them at, and was less than he assessed them at for the year 1958, establish, in and of itself, that he transcended his legal authority, or (in the words of Pike v. Megoun, 44 Mo. 491, quoted in Bailey v. Berkey, supra) that " * * * his action was knowingly wrongful, and not according to his honest convictions in respect to his duty." As a general rule each annual assessment of property is a separate entity, distinct from its assessment for other years. What may be the property's proper evaluation one year may not be so the next year. 1 Cooley on Taxation (3rd Ed.) 758.

As we have found insufficient allegation of fact in plaintiff's second amended petition to state any cause of action against the defendants, it is unnecessary to mention or discuss the other arguments she

urges for reversal of the trial court's judgment. Said judgment is hereby affirmed.

WILLIAMS, V. C. J., and WELCH, HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.