** Summary **
CIVIL ACTION AGAINST SCHOOL DISTRICT AND OFFICIALS — PAYMENT OF LEGAL FEES When a school district and its board of education is named as a defendant in a civil action, expenditures from public funds for payment of attorneys fees and other legal costs of defense are proper. When individual board members are named as defendants in a civil action, public expenditures for payment of the costs of their defense are proper when the board members are named only in their official capacity and when no individual liability is sought to be imposed. When members of a local board of education are named in a civil action in their individual capacity in cases where an individual liability is asserted, payments from public funds of the legal costs of defense against this individual liability are improper. When a school superintendent and a principal are named as individual defendants in a civil action involving their performance of official duties, they must arrange for payment of the legal costs of their defense unless the board of education has assumed the responsibility of defending such actions as a part of the compensation of the employees in a previously negotiated employment contract. The Attorney General has considered your request for an opinion wherein you in effect ask the following question: "When a school district, board of education, superintendent, principal and the individual members of a board of education are sued in a civil action, must the members of the board of education, the superintendent and principal individually pay the attorney fees and other legal costs for defending the action or can the entire cost for defending the school district, board of education and the above named individuals be borne by the district and be approved for payment by the district?" We refer you to 70 O.S. 5-117 [70-5-117] (1972), which in defining the powers of local boards of education states in part that: "The board of education of each school district shall have the power . . . to make rules and regulations, not inconsistent with the law or rules and regulations of the State Board of Education, governing the board and the school system of the district; to maintain and operate a complete public school system of such character as the board of education shall deem best suited to the needs of the school districts . . . to incur all expenses, within the limitations provided by law, necessary to carry out and fulfill and carry out the powers herein granted; to contract with and fix the duties and compensation of physicians, dentists, optometrists, nurses, attorneys, superintendents, principals, teachers, bus drivers, janitors, and other necessary employees of the district and pay their necessary travel expenses . . . and to exercise sole control over all of the schools and property of the district, subject to other provisions of the Oklahoma School Code." (Emphasis added) Title 70 O.S. 5-117 [70-5-117] (1972) gives a board of education express authority to employ an attorney. Under the statute an attorney may be employed to represent the school district in a court action in any matter in which it is officially interested. In such an instance the attorney's fees could properly be paid from school district funds. The following statement appears in 78 C.J.S. Schools and School Districts 146, pages 950-951: "A school district . . . has power, either expressly or by implication, to employ counsel to render services in matters of proper school interest. The capacity to sue or be sued carries with it the power of employing counsel . . . . A school district has power to employ counsel where the controversy involves the power of a school district or an officer and the validity of the exercise of such power, but it has no power to employ counsel for a purpose outside its proper function, and the officers of such district or local school organization may not employ counsel at public expense to prosecute or defend actions by or against such officers in their individual capacities, unless authority is specifically granted by statute." Citations omitted Under Oklahoma law, local boards of education have broad discretion to determine in what manner school funds should be spent. Kay County Excise Board v. Atchison, T. S.F. R. Co.,185 Okl. 327, 91 P.2d 1087 (1939). It seems clear that the board of education may lawfully employ an attorney to represent the board of education in all legal matters in which it may be officially interested. When members of the board of education are sued in their official capacity, the board of education may expend school district funds for compensation of the school board attorney for representation of the board members. In such cases, the real party in interest is the board of education itself, and the individual board members are only nominal parties. In Consolidated School District No. 2 of Garfield County v. Beeson, 30 Okl. 802, 120 P. 643 (1912), an action was brought against the members of a school board in their official capacities to prevent by injunction the sale of school property. In holding the board members to be only nominal parties defendant, the Court stated at 120 P. 650 that: "The district was sued, and the various members of the board were specifically designated in all the papers as officers of the district, not as individuals. They were necessary parties, perhaps, because they were the designated agents of the district. It was the district that was enjoined from selling the old houses and from organizing a graded school, not the individuals who happened to fill the offices of the district." Boards of education may therefore pay board attorneys for professional services in cases where the board is named as an interested party and in cases where the board members are named in their official capacities, where the board of education itself is the real party in interest. The board of education will have an official interest in defending the suit whenever the controversy involves the power of the school district or one of its officers or the validity of the exercise of such power. In each case, an evaluation of the school board's official interest in the action must be made based on the facts and circumstances involved. A differing rule applies to cases where individual school board members are sued in their individual capacity. Such a suit may arise out of actions by the individual in question as a school board member or as a private citizen. In the absence of any express statutory authority allowing payment of attorney fees and other legal costs from public funds as a form of compensation to school board members, any expenditure by a local board of education for payment of attorneys fees and legal costs of individual board members would be improper. Section 5-117 of Title 70 does state that local boards of education may "employ and fix the duties and compensation of attorneys." This statutory power, however, does not authorize board members to indirectly create forms of compensation for themselves. Under Article X, Section 11 of Article 10 of the Oklahoma Constitution, no officer of the State may receive directly or indirectly any interest or profit arising from the use or loan of public funds in his hands. In addition, Article X, Section 15, Article X, Section 19 of the Constitution require that taxes levied for one purpose must not be devoted to another purpose, and that no gifts of public funds shall ever be made to any individual. Public funds are to be devoted to the exercise of governmental functions. Public funds cannot be used to assist individuals or private organizations in their businesses, functions, or activities, even if these activities are affected with the public interest. Veterans of Foreign Wars v. Childers, 197 Okl. 331, 171 P.2d 618
(1946). A school board member is sued in his individual capacity whenever the plaintiff in the action seeks to establish that the individual in question should be required to pay the judgment, or a part of the judgment, from his individual funds, rather than from school district funds, or when an injunction is sought requiring or prohibiting an act not related to the defendant's duties as a school officer. The doctrine of official immunity for acts of public officers involving the exercise of discretion applies in Oklahoma if the act in question was within the jurisdiction or lawful authority of the officer. Potter v. LaMunyon, 389 F.2d 874 (10th Cir. 1968); Mills v. Smith, Okl., 355 P.2d 1064,82 A.L.R.2d 1144 (1960). Nevertheless, occasional baseless suits against public officers as individuals will be brought, and the officers must bear the costs of their defense in such cases. In addition, individual liability may be imposed upon school board members who violate 70 O.S. 5-125 [70-5-125] (1971), which prohibits voting for expenditure of funds belonging to school districts in settlement of any claim known to be fraudulent or void. See Board of Education of Oklahoma City v. Cloudman, 185 Okl. 400,92 P.2d 837 (1939). Violations of other statutory duties of local school boards may also result in individual liabilities of school board members. School board members may not expend public funds to defend themselves against charges of corruption or malfeasance in office. 63 Am.Jur.2d Public Officers and Employees 303 and 548. Therefore, expenditures of public funds to pay attorneys fees and legal costs are proper when the board of education is named as a defendant in a legal action. Public expenditures for legal fees are also proper when school board members are named defendants in a legal action in their official capacity. If school board members are named defendants in a legal action in their individual capacity, they must arrange for payment of the legal costs of their own defense. In all cases where board of education members are named as defendants in a legal action, the school board attorney should seek an early determination from counsel for plaintiff or the court as to whether any individual liability is sought to be imposed against individual board members. If such individual liability is sought to be imposed, the school board attorney must inform the individual board member defendants that public funds may not be used to pay the costs of their individual defense, and that they must make arrangements for representation by counsel of their own choice. Under the Code of Professional Responsibility, the school board attorney may or may not be able to concurrently represent the board of education and individual board members. The propriety of such representation will depend on the facts and circumstances of each case. See 5 O.S. 1971 Appendix [5-Appendix] 3, DR 5-105; Annot., 17 A.L.R.3d 835. Your next question concerned the propriety of public expenditures for payment of legal costs of the defense of a school superintendent and a principal named as defendants in a civil action involving the legality of their acts in performance of official duties. Section 5-117 of Title 70, quoted above, states in part that local boards of education have power to "contract with and fix the duties and compensation of . . . superintendents, principals . . . ." Under Section 70 O.S. 5-117 [70-5-117] and under Oklahoma's new collective bargaining act for school employees, 70 O.S. 509.1 [70-509.1] to 70 O.S. 509.10 [70-509.10] [70-509.10], a negotiated contract term providing for payment of such legal costs from public funds will be considered valid if the school board's agreement to pay such costs is considered a part of the compensation of the school employees in question. In the absence of such a contract term, however, there is no authority in the ordinary case for the payment of the legal costs of the defense of a school superintendent or a school principal, even when the action involves their performance of official duties. In such a case, payment by the board of education of attorneys fees and other legal costs of the employee would be an unauthorized gratuity or gift to the employee over and above his contractual salary and other compensation. The provisions of the Oklahoma Constitution prohibiting the making of gifts from public funds and requiring that public funds be spent for public purposes, discussed above, are applicable here. Article V, Section 11, Article V, Section 15, Article V, Section 19, Okl. Const. Ordinarily, in the absence of a previously negotiated contract term requiring the board of education to pay legal costs as a part of the compensation of the school employee, the board of education may not expend public funds to pay attorneys fees and other legal costs of the defense of a superintendent, principal, or other employee named individually as a defendant in a civil action involving the performance of his or her official duties. See Annot., Payment by Public Bodies of Expenses of Defending Actions Against Officers, 130 A.L.R. 736. Therefore, it is the opinion of the Attorney General that when a school district and its board of education is named as a defendant in a civil action, expenditures from public funds for payment of attorneys fees and other legal costs of defense are proper. When individual board members are named as defendants in a civil action, public expenditures for payment of the costs of their defense are proper when the board members are named only in their official capacity and when no individual liability is sought to be imposed. When members of a local board of education are named in a civil action in their individual capacity in cases where an individual liability is asserted, payments from public funds of the legal costs of defense against this individual liability are improper. When a school superintendent and a principal are named as individual defendants in a civil action involving their performance of official duties, they must arrange for payment of the legal costs of their defense unless the board of education has assumed the responsibility of defending such actions as a part of the compensation of the employees in a previously negotiated employment contract. (C. Larry Pain) ** SEE: OPINION NO. 96-043 (1996) ** ** SEE: OPINION NO. 78-158 (1978) **