2002 OK 36

**John ROBERTS and Christopher Ayers, Appellees,**

v.

**OKLAHOMA DEPARTMENT OF CORRECTIONS and the Oklahoma Merit Protection Commission, an agency of the State of Oklahoma, Appellants.**

No. 95,156.

Supreme Court of Oklahoma.

May 7, 2002.

Rehearing Denied Sept. 17, 2002.

James Patrick Hunt, James R. Moore & Associates, Oklahoma City, OK, attorney for Appellees.

Richard W. Kirby, General Counsel, Gary L. Elliot, Michael T. Oakley, Assistant General Counsels, Department of Corrections, Oklahoma City, OK, attorneys for Appellants.

HODGES, J.

¶ 1 John Roberts and Christopher Ayers are employed by the Oklahoma Department of Corrections as probation and parole officers. Roberts was a Team Supervisor and Ayers was one of his subordinates. They and other officers, who are not parties to the appeal, were disciplined for acts arising from attempts to serve arrest warrants on probationer Ned Snow and his common law wife Christine.

¶ 2 On April 16, 1998, the probation and parole officers, along with sheriff deputies, gathered near Ned Snow's rural residence. The officers parked their vehicles out of sight of the residence and crossed a field on foot. They stopped a pickup truck on the road in front of the residence, arrested Christine Snow, and detained another occupant of the truck. The officers sought and obtained permission to move the truck into the driveway. Before the truck could be moved, however, Ned Snow drove up in a white Camaro. Upon seeing the officers, Mr. Snow fled the scene. Supervisor Roberts ordered Ayers and another officer to pursue Snow in the pickup truck. The officers followed Snow down the road about a quarter of a mile until the truck stalled. Snow escaped but was captured later that day. The officers had the truck towed to a garage.

¶ 3 The DOC disciplined the five probation and parole officers involved in this attempt and in an earlier attempt to arrest Ned Snow. The discipline was based on alleged violations of DOC policy and state law. Roberts was demoted from Team Supervisor and Ayers received an eight day suspension without pay. The five officers appealed their discipline to the Oklahoma Merit Protection Commission (OMPC).

¶ 4 As to officers Robert and Ayers, the administrative hearing officer found no sanctionable violation of DOC policy but she concluded that use of the pickup truck to pursue the fleeing probationer violated section 535 of title 21. Roberts' demotion was reduced to a

twenty day suspension without pay and Ayers' suspension was reduced from eight days to five. Roberts and Ayers then sought review in the District Court.

¶ 5 The basis of the officers' Petition for Judicial Review was that the hearing officer made an error of law by concluding that the officers made an unlawful seizure of the pickup truck in violation of section 535. The trial court agreed and exonerated Roberts and Ayers of any wrongdoing. The DOC appealed.

¶ 6 The Court of Civil Appeals reversed because "there was sufficient evidence to support the findings of the OMPC." Thus, the majority of that court never reached the legal issue. A vigorous dissent reminded the court that the matter presented a question of law and that there was no real dispute as to the relevant facts. This Court granted certiorari review to resolve whether, as a matter of law, the officers' use of the pickup truck violated section 535.

¶ 7 The pertinent portion of section 535 makes it a misdemeanor for a public officer acting under pretense or color of any legal authority to seize any property without due and legal process.[1] The DOC suggests that any nonpermissive use of a civilian's property violates the provision. Under its proposed construction, section 535 would be a strict liability crime for which an officer's intent is irrelevant. This Court finds, however, no legislative intent that the provision be so construed.

¶ 8 In the absence of legislative intent to impose strict liability, "[a] rule of strict construction is to be applied to criminal statutes and courts should not extend them to embrace acts or conduct not clearly included within the prohibition of the statute." *Modisett v. Marmaduke*, 394 P.2d 541, 544 (Okla.Ct.Crim.App.1964) (quoting *Group v. State*, 94 Okla.Crim. 401, 236 P.2d 997, 1002 (1951)). Further, a "[p]erson cannot be convicted of a crime unless the act which is committed is within both [the] letter and spirit of [a] penal statute." *Id.*

¶ 9 Section 535 should not be extended to embrace the officers' actions in this matter. It is undisputed that the officers used the truck to pursue Ned Snow. Those actions, however, do not constitute a seizure in violation of section 535. The officers' actions were taken as a necessity to protect public safety based on the officers' good faith attempt to apprehend a fleeing probation violator. This Court has recognized that "situations where property is damaged or destroyed as a necessity in order to protect the health or safety of the public" involves the proper use of police power. *Sullivant v. City of Oklahoma City*, 1997 OK 68, ¶ 19, 940 P.2d 220, 225. The pardon and parole officers' temporary use of the pickup truck was necessary for public protection. No violation of section 535 is presented.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF CIVIL APPEALS VACATED; TRIAL COURT AFFIRMED.

¶ 10 HODGES, LAVENDER, OPALA, SUMMERS, and WINCHESTER, J., concur.

¶ 11 HARGRAVE, C.J., WATT, V.C.J., and KAUGER, J., concur in result.

¶ 12 BOUDREAU, J., dissents.

---

1. Section 535 provides:

   Every public officer or person pretending to be a public officer, who under the pretense or color of any process or other legal authority, arrests any person, or detains him against his will, or seizes or levies upon any property, or dispossesses anyone of any lands or tenements without due and legal process, is guilty of a misdemeanor.

   Okla. Stat. tit. 21, § 535 (2001).