Dear Senator Barrington,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Do the provisions of 68 O.S. 2001, § 2818(C)(1) whichauthorize county assessors and their deputies to "[g]o upon anypremises and enter any business building or structure and viewthe same and the property therein, and to view, inspect orappraise any property located within [the] county" provide legalauthority for a county assessor or assessor's deputy to enter theyard of a person when such property is conspicuously postedagainst trespass and the assessor has been advised by theproperty owner that the assessor and assessor's deputy areprohibited from entering the property pursuant to 21 O.S. 2001,§ 1835[21-1835]?
¶ 1 Your question requires that two statutes be analyzed to determine whether a county assessor or a county assessor's deputy may enter onto certain property under authority given in the statute authorizing entry onto property, despite doing so in circumstances not permitted by the Oklahoma criminal statute against trespass.
 I. Statute Governing Valuation Procedures By Assessors
¶ 2 Oklahoma statutes describe the procedures to be used by a county assessor to determine the value of personal property for ad valorem tax purposes. 68 O.S. 2001 Supp. 2005, §§2801-8299. The statute to be examined in your question concerns the authority of the county assessor to enter onto property to conduct the statutorily required valuation. See 68 O.S. 2001, § 2818[68-2818]. The current version of the statute provides in pertinent part:
 B. The county assessor shall assess and value all property, both real and personal, which is subject to assessment by him, and shall place a separate value on the land and improvements in assessing real estate; and he shall do all things necessary, including the viewing and inspecting of property, to enable him to assess and value all taxable property, determine the accuracy of assessment lists filed with him, discover and assess omitted property, and determine the taxable status of any property which is claimed to be exempt from ad valorem taxation for any reason.
 C. In the performance of his duties, the county assessor, or his duly appointed and authorized deputy, shall have the power and authority to:
 1. Go upon any premises and enter any business building or structure and view the same and the property therein, and to view, inspect or appraise any property located within his county, however, the county assessor shall not have the power or authority to enter the private dwelling of a taxpayer except as provided for in subsection D of this section; and
 2. Examine any person under oath in regard to the amount or value of his property.
 D. In the event of a dispute concerning the valuation of household personal property, a taxpayer may request the county assessor to perform a visual inspection of such property.
 E. Prior to entering the business or commercial premises of any taxpayer for purposes of discovering personal property, the county assessor or deputy shall request permission to enter the business or commercial premises and shall state the reason for the inspection. If access to the business or commercial premises is denied, the county assessor or deputy shall be required to obtain a search warrant in order to conduct an inspection of the interior of the business or commercial premises. A search warrant may be obtained upon a showing of probable cause that personal property located within particularly described business or commercial premises is subject to ad valorem taxation, but not listed or assessed for ad valorem taxation as required by law.
Id.
¶ 3 The original version of the current statute was enacted prior to 1971 and amended in 1974. See 68 O.S. 1971, § 2435[68-2435]; 1974 Okla. Sess. Laws ch. 73, § 2. The current statute was first enacted in 1988 and was very similar to the 1974 statute. See
1988 Okla. Sess. Laws ch. 162, § 18 (codified at 68 O.S. Supp.1988, § 2818[68-2818]) (effective Jan. 1, 1992). It provided, in broad terms, that an assessor shall do all things necessary, including viewing and inspecting all property to carry out the statutory duties concerning taxation of real and personal property. Id. § 2818(B).
¶ 4 While the 1988 version of the statute was clear in forbidding entry on either residential or businesspremises[1] to discover personal property without permission, the statute did not require that permission be requested by the assessor or his or her deputy for the purposes of entering onto residential or business premises for the viewing, inspection or appraisal of real property. See id. § 2818. Moreover, in subsection C of 68 O.S. Supp. 1988, § 2818[68-2818] there was no explicit language addressing the entry of an assessor or his or her deputy into a private residence. As the legislation was not to become effective until 1992, some four years after enactment, the Legislature had time to eliminate these possible ambiguities.
¶ 5 In 1989 the Legislature acted, engrafting a limitation to the power and authority given in subsection C to an assessor or his or her deputy. The legislature added the phrase to subsection C: "however, the county assessor shall not have the power orauthority to enter the private dwelling[2] of a taxpayerexcept as provided for in subsection D of this section[.] 1989 Okla. Sess. Laws ch. 152, § 5(C) (amending 68 O.S. Supp. 1988, §2818[68-2818](C)) (emphasis added). The new subsection D was added to the statute, stating: "In the event of a dispute concerning thevaluation of household personal property, a taxpayer may requestthe county assessor to perform a visual inspection of suchproperty." Id. ch. 152, § 5(D) (emphasis added). The former subsection D was renumbered as subsection E, and language forbidding the search for "household personal property" of any taxpayer was removed and language limiting subsection E to "business or commercial" premises was added. Id. ch. 152, § 5(E).
¶ 6 Title 68 O.S. 2001, § 2818[68-2818], as amended, reads in pertinent part:
 B. The county assessor shall assess and value all property, both real and personal . . . and he shall do all things necessary, including the viewing and inspecting of property, to enable him to assess and value all taxable property. . . .
 C. In the performance of his duties, the county assessor, or his duly appointed and authorized deputy, shall have the power and authority to:
 1. Go upon any premises and enter any business building or structure and view the same and the property therein, and to view, inspect or appraise any property located within his county, however, the county assessor shall not have the power or authority to enter the private dwelling of a taxpayer except as provided for in subsection D of this section; and
. . . .
 D. In the event of a dispute concerning the valuation of household personal property, a taxpayer may request the county assessor to perform a visual inspection of such property.
 E. Prior to entering the business or commercial premises of any taxpayer for purposes of discovering personal property, the county assessor or deputy shall request permission to enter the business or commercial premises and shall state the reason for the inspection. If access to the business or commercial premises is denied, the county assessor or deputy shall be required to obtain a search warrant in order to conduct an inspection of the interior of the business or commercial premises.
Id. (emphasis added).
¶ 7 By its 1989 amendments, the Legislature apparently intended[3] to remove any ambiguity which could be construed to permit a county assessor or his or her deputy to enter a household dwelling or to seek a search warrant for a private dwelling, as provided in former subsection D (now E). The only circumstance in which a county assessor or his or her deputy may now enter a residential dwelling is upon request of the taxpayer. Id. § 2818(D). However, the revised statute did not forbid an assessor or his or her deputy from entering residentialpremises for the purpose of viewing, inspecting and appraisingpersonal or real property, or from going into businesses or onto commercial premises for appraising real property.
¶ 8 While there are limitations on the power and authority of county assessors to enter business premises or dwellings, the Legislature has for many years prevented a taxpayer from using any legal disability imposed upon the assessor to underpay taxes. In 1988, the same year the Legislature enacted the Section 2818, set out in detail above, it reiterated by recodifying the restrictions imposed upon the taxpayer. See 1988 Okla. Sess. Laws ch. 162, § 145. The Legislature provided:
 If any taxpayer, or any official, employee, or agent of such taxpayer, shall fail or refuse, upon proper request, to permit the inspection of any property or the examination of any books, records and papers . . . or shall fail or refuse to comply with any subpoena duces tecum . . ., such taxpayer shall be estopped from questioning or contesting the amount or validity of any assessment placed upon his property.
68 O.S. 2001, § 2945[68-2945](B). Having construed 68 O.S. 2001, §2818[68-2818] according to the legislative intent in enacting and revising that statute in 1988 and 1989, we now turn to the analysis of a second statute.
 II. The Trespass Statute
¶ 9 Oklahoma law states that no one is allowed to "willfully[4] or maliciously enter the garden, yard, pasture or field of another after being expressly forbidden to do so or without permission by the owner or lawful occupant thereof when such property is posted." 21 O.S. 2001, § 1835[21-1835](A) (footnote added). This trespass statute, upon first reading, would seem to subject a county assessor or his or her deputy to a charge of trespass for entering into a "garden, yard, pasture or field" of a taxpayer under either of the two circumstances set out in the statute. However, portions of a taxpayer's property protected under the trespass statute would be described as "premises" eligible to be entered by that same assessor or deputy while viewing, inspecting or appraising real property under 68O.S. 2001, § 2818[68-2818].
 III. Analysis Of The Legal Authority Of The Assessor Under The Valuation Procedure Statute In Light Of The Trespass Statute
¶ 10 The trespass statute states that "[w]hoever shall willfully or maliciously" enter someone's property without permission, if there are posted signs, or after being expressly forbidden is guilty of trespassing. 21 O.S. 2001, § 1835[21-1835](A). While this statute has been amended through the years, the language forbidding all persons to enter gardens, yards, pastures or fields has not changed from the original 1913 enactment through the last amendment in 1999. See 1913 Okla. Sess. Laws ch. 51, § 1; 1999 Okla. Sess. Laws ch. 53, § 1.
¶ 11 The language of this statute provides for exceptions only for "registered land surveyors and registered professional engineers" but does not include any other exceptions, including public officials. Id. However, this language does not end our inquiry for the assessor who acts with specific statutory authority to enter taxpayer property, with such authority being limited by explicit provisions of the statute not to enter a private dwelling or to search for personal business property without permission. 68 O.S. 2001, § 2818[68-2818](D), (E).
¶ 12 Oklahoma Courts have not addressed the question whether a public official such as a county assessor may be subjected to prosecution under the criminal trespass statute. However, the Oklahoma Supreme Court has discussed the issue whether an assessor may be subject to a private action. Public officials are considered to be acting in a "quasi-judicial" capacity when performing within the scope of their duties and thus would be immune from liability in private actions. Mills v. Smith,355 P.2d 1064, 1066 (Okla. 1960). A county assessor who is appraising property for ad valorem assessments is operating in a quasi-judicial capacity. Id. To hold a county assessor liable in a private action the assessor would have to be operatingoutside the limits of his power. Id.
¶ 13 Additionally, courts have generally recognized that a public official such as a police officer is not a trespasser when he or she has "legal authority" to enter certain premises. Legal authority for a police officer is often a search warrant.Lawmaster v. Ward, 125 F.3d 1341, 1352 (10th Cir. 1997) (citingBrinlee v. State, 403 P.2d 253, 256 (Okla.Crim. 1965)). Seealso Brinlee, 403 P.2d at 256 (holding, while not citing the criminal trespass statute, that police officers who did not have warrants were trespassers and evidence obtained by them was inadmissible).[5]
¶ 14 One statute arguably grants legal authority or power for an assessor to enter onto the premises of a taxpayer. See 68O.S. 2001, § 2818[68-2818]. The other seems to take that power or legal authority away. See 21 O.S. 2001, § 1835[21-1835](A). No Oklahoma judicial authority gives specific guidance which statute should control as to county assessors. Thus we must turn to the rules of statutory construction and cases from other jurisdictions to guide us.
¶ 15 A county assessor has the power and authority to "do all things necessary, including the viewing and inspecting of property." 68 O.S. 2001, § 2818[68-2818](B). Moreover, the restrictions on the assessor's legal authority to enter premises or search for personal property are set out in the statute. Id. § 2818(C), (D), (E). Thus the rule of statutory construction that laws addressing specific situations are applied to the exclusion of more general laws, supports the conclusion that the valuation statute, 68 O.S. 2001, § 2818[68-2818], controls over the trespass statute, 21 O.S. 2001, § 1835[21-1835](A). See Wagnon v. State Farm Fire Cas. Co., 951 P.2d 641, 646 (Okla. 1998).
¶ 16 Another rule of statutory construction assists us in determining whether a county assessor may enter onto the premises of a taxpayer despite the existence of the trespass statute. A "rule of strict construction is to be applied to criminal statutes and courts should not extend them to embrace acts or conduct not clearly included within the prohibition of the statute." Roberts v. Okla. Dep't of Corr., 54 P.3d 106, 108
(Okla. 2002) (citation omitted). The existence of the statute allowing the assessor to enter the premises of a taxpayer and prescribing certain limitations within that statute renders it unclear that the prohibitions of the trespass statute apply to the assessor. Therefore, it may be logically concluded that a strict construction of the trespass statute, 21 O.S. 2001, §1835[21-1835], is warranted here; the trespass statute does not apply to a county assessor or his or her deputy acting within the authority and constraints of 68 O.S. 2001, § 2818[68-2818]. Of course, whether any specific actions of a county assessor or his or her deputy may be outside the scope of their legal authority or power are fact questions which are beyond the scope of an Attorney General's Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
¶ 17 An 1800s case from Illinois puts the burden on the one entering the property to show the appropriate legal authority to go onto private property when the possibility of trespass is raised, but it recognizes the right of the one entering the property, if that burden is met. Linblom v. Ramsey,75 Ill. 246, 1874 WL 9231 (Ill. 1874).
 The law invests the rights of private property with some sanctity, and when they are invaded by one whose acts would constitute a trespass, unless such person can show that he was justified by legal authority to do the act, he must be regarded as a trespasser. Prima facie he is liable, and the burden is upon him to show, not design or intention to perform an official duty, but authority of law for the act complained of.
Id. at 3.
¶ 18 The above case was also cited by the Oklahoma Supreme Court in Sanders v. Cline, 101 P. 267 (Okla. 1908), when it said, "[A]n officer is protected in the service of a writ issued by the proper officials when the same appears to be fair upon its face. . . . But this protection to the officer obtains only when he acts within the scope of the writ." Id. at 273.
¶ 19 A case from Washington is also instructive here. Three defendants convicted of manufacturing a controlled substance appealed, claiming that the discovery of the controlled substance was illegal because the county assessor, who smelled a suspicious odor while on appellants' property in the course of his official duties, was trespassing on the appellants' property. See Statev. Vonhof, 751 P.2d 1221, 1222 (Wash.Ct.App. 1988). The defendants claimed violations of their United States and Washington rights to be free from illegal search and seizure.See id. The Washington statute concerning the right of a county assessor to assess and value property was similar, though not identical to Oklahoma's, and stated in pertinent part:
 For the purpose of assessment . . . any real or personal property in each county shall be subject to visitation, investigation, examination, discovery and listing at any reasonable time by the county assessor. . . .
 In any case of refusal to such access, the assessor shall request assistance from the department of revenue which may invoke the power granted by chapter 84.08 RCW.
Id. at 1225 (citation omitted). The court quoted the Restatement (Second) of Torts Section 211 (1965) to support the legal authority of the assessor to access the land and found that "No Trespassing" signs cannot be characterized as "refusal to such access." Id. The court further found that the assessor acted "pursuant to a legitimate governmental purpose when he entered the defendants' property[.] . . . The presence of no trespassing signs does not insulate individuals from entry onto their property. Such an expectation of complete privacy is not reasonable under applicable law." Id. at 1223. The court, rather than determining that a potential state law trespass was not relevant to a question whether a search was illegal, determined that no trespass had occurred because of the authority granted in the assessor's statute. Id. at 1225.
¶ 20 Vonhof implicitly recognizes that statutory authority of a county assessor to enter premises may exist despite allegations of trespass and even the existence of specific "No Trespassing" signs. Id. The court refused to grant a taxpayer a complete barrier to entrance onto his property for statutorily authorized purposes. Id. This practical approach to determining the legal authority of an assessor who is commanded by statute to do all things necessary to value taxable property seems well reasoned and consistent with the rules of statutory construction which we apply here.
¶ 21 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A county assessor or his or her deputy may:
 a. enter the residential premises of a taxpayer for the purposes of viewing, inspecting, or appraising personal or real property, or
 b. enter the business premises of a taxpayer for the purpose of viewing, inspecting or appraising real property. 68 O.S. 2001, § 2818(B), (C), (E).
 2. A county assessor or his or her deputy may not enter the private dwelling of a taxpayer unless, if a dispute exists, the taxpayer requests the assessor or his or her deputy to enter the dwelling. 68 O.S. 2001, § 2818(C), (D).
 3. A county assessor or his deputy must request permission to enter into commercial or business premises for the purpose of searching for personal property. 68 O.S. 2001, § 2818(E). If permission is refused, a search warrant must be obtained. Id.
 4. Notwithstanding the provisions of 21 O.S. 2001, § 1835(A), which prohibits entry into a garden, yard, pasture or field of another under two specific circumstances, a county assessor or his or her deputy may enter the premises of a taxpayer under the authority and within the constraints of 68 O.S. 2001, § 2818. The determination whether a specific act is within the authority and constraints of 28 O.S. 2001, § 2818[28-2818] is a question of fact beyond the scope of an Attorney General's Opinion. 74 O.S. 2001, § 18b(A)(5).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 GRETCHEN GROVER HARRIS Assistant Attorney General
[1] The meaning of "premise" is not defined in either the tax statutes or the trespass statutes. "Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears." 25 O.S. 2001, § 1[25-1]. The ordinary meaning of premises is "a specified piece or tract of land with the structures on it." Webster's Third New International Dictionary 1789 (3d ed. 1993).
[2] Dwelling" is not defined in the statutes. See 25 O.S.2001, § 1[25-1]. Thus, the ordinary meaning of dwelling is "a building or construction used for residence." Webster's Third New International Dictionary 706 (3d ed. 1993).
[3] "The fundamental rule of statutory construction is to ascertain and give effect to the legislative intent, and that intent is first sought in the language of a statute." City ofDurant v. Cicio, 50 P.3d 218, 221 (Okla. 2002). "Rules of statutory construction are employed only when legislative intent cannot be ascertained from the language of a statute, as in cases of ambiguity or conflict with other statutes." Johnson v. Cityof Woodward, 38 P.3d 218, 222 (Okla. 2001).
[4] See 21 O.S. 2001, § 92[21-92]; see also Stahl v. State,665 P.2d 839, 840 (Okla.Crim. 1983) (The Oklahoma Supreme Court defined the term willfully in the context of the trespass statute. "The term `willfully' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage.").
[5] The Oklahoma Court of Criminal Appeals and the United States Court of Appeals for the Tenth Circuit have both addressed the trespassing statute. Neither of the opinions are instructive to the question before us. In Stahl v. State, 665 P.2d 839
(Okla.Crim. 1983) the court held that the First Amendment to the United States Constitution did not prevent a defendant from being found guilty of criminal trespass. Id. at 842. In UnitedStates v. Hatfield, 333 F.3d 1189 (10th Cir. 2003) the court found that the question whether a police office violated the Oklahoma criminal trespass statute was irrelevant to the question whether the officer had violated a defendant's Fourth Amendment right against search and seizure. Id. at 1199.